**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LIGADO NETWORKS LLC,

Plaintiff,

v.

UNITED STATES OF AMERICA; DEPARTMENT OF DEFENSE; DEPARTMENT OF COMMERCE; and NATIONAL TELECOMMUNICATIONS AND INFORMATION ADMINISTRATION,

Defendants.

Case No. 23-1797
Senior Judge Damich

**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE BY IRIDIUM COMMUNICATIONS INC. AND THREE TRADE ASSOCIATIONS**

**MUNGER, TOLLES, & OLSON, LLP**

Donald B. Verrilli, Jr., *Of Counsel*
Ginger D. Anders, *Of Counsel*
601 Massachusetts Ave. NW
Suite 500
Washington D.C., 20001
Tel: (202) 220-1100
Email: Donald.Verrilli@mto.com
Email: Ginger.Anders@mto.com

**SELENDY GAY PLLC**

Philippe Z. Selendy, *Of Counsel*
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
Email: pselendy@selendygay.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Harris M. Fischman
Martin Flumenbaum, *Of Counsel*
Carter E. Greenbaum, *Of Counsel*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Email: hfischman@paulweiss.com
Email: mflumenbaum@paulweiss.com
Email: cgreenbaum@paulweiss.com

**COVINGTON & BURLING LLP**

Megan Crowley, *Of Counsel*
850 10th Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000
Email: mcrowley@cov.com

*Counsel for Ligado Networks LLC*

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT** ....................1

**II. ARGUMENT** ....................3

**A. A Private Party Such as Iridium May Not and Need Not Litigate on Behalf of the United States Government** ....................3

**B. Iridium's Amicus Brief Is Not Useful, Particularly at the Motion to Dismiss Stage** ....................6

**C. Iridium's Motion Appears Motivated by Undisclosed Financial Alignment with the United States and an Attempt to Avoid Discovery** ....................10

**D. Ligado Opposes the Motion** ....................12

**E. Iridium's Motion Seeks to Circumvent This Court's Briefing Limitations** ....................13

**III. CONCLUSION** ....................13

# INDEX TO APPENDIX

**Document** **Page**

Correspondence From Wilmer Hale, Counsel for Iridium (Jan. 22, 2024) ................ Appx1

Iridium Communications, Inc., Annual Report (Form 10-K) (Feb. 15, 2024) ........... Appx4

Iridium Communications, Inc., Annual Report (Form 10-K) (Feb. 25, 2020) ....... Appx138

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Am. Satellite Co.* v. *United States*,
22 Cl. Ct. 547 (1991) ....3, 5, 6, 11, 12

*Fairholme Funds, Inc.* v. *United States*,
132 Fed. Cl. 49 (2017) ....3, 5

*Favell* v. *United States*,
27 Fed. Cl. 724 (1992) ....4, 5

*Fluor Corp.* v. *United States*,
35 Fed. Cl. 284 (1996) ....5, 6, 11, 12

*Global Network Commc'ns, Inc.* v. *City of New York*,
458 F.3d 150 (2d Cir. 2006) ....8

*Health Republic Ins. Co.* v. *United States*,
129 Fed. Cl. 115 (2016) ....5

*Hughes Aircraft Co.* v. *United States*,
534 F.2d 889 (Ct. Cl. 1976) ....4, 5

*In re Iridium Operating LLC*,
Nos. 99-45005 (CB), 99-4759 (CB), 1999 WL 35018204 (Bankr. S.D.N.Y. Nov. 3, 1999) ....1

*Landreth* v. *United States*,
141 Fed. Cl. 741 (2019) ....7

*Leigh* v. *Engle*,
535 F. Supp. 418 (N.D. Ill. 1982) ....11

*Murakami* v. *United States*,
46 Fed. Cl. 731 (2000) ....7

*Ryan* v. *Commodity Futures Trading Comm'n*,
125 F.3d 1062 (7th Cir. 1997) ....10

*Schultz* v. *United States*,
2009 WL 3416453 (Fed. Cl. Oct. 1, 2009) ....7

*Wolfchild* v. *United States*,
62 Fed. Cl. 521 (2004), *rev'd on other grounds*, 559 F.3d 1228 (Fed. Cir. 2009) ....3

**Statutes**

28 U.S.C. §§ 516-520 .....4

47 U.S.C. § 405(a) .....9

**Other Authorities**

35 FCC Rcd. 3772 .....8, 9

36 FCC Rcd. 1262 .....10

Plaintiff Ligado Networks LLC ("Ligado") respectfully requests that the Court deny the Motion by Iridium Communications Inc. and its affiliate Aireon LLC (together, "Iridium"), joined by three airline trade associations (collectively, "Proposed Amici"), for leave to file a proposed brief ("Brief") as *amicus curiae* in support of Defendants' Motion to Dismiss (Dkt. 12).[1]

## I. PRELIMINARY STATEMENT

Iridium's Motion for Leave to File an Amicus Brief in Support of the Defendants in this case is improper and should be denied for at least three reasons. First, Iridium's Motion represents an improper attempt to circumvent the Department of Justice's ("DOJ") exclusive authority to litigate on behalf of the United States. Second, Iridium's proposed Brief is not useful to this Court, particularly at this stage of the proceedings. Third, Iridium's undisclosed interests in this litigation make it an improper participant as an amicus. Ligado's opposition to the Motion and the fact that Iridium's Motion seeks to circumvent this Court's briefing limitations are additional factors supporting denial of leave to participate as *amicus curiae*.

Iridium is not a friend of this Court. It is a friend (and business partner) of a party—the United States Government. Far from offering a unique perspective, Iridium raises new facts and assertions to bolster the arguments made by its largest customer and

[1] Although Iridium's Motion for Leave to File an Amicus Brief ("Motion") is nominally joined by three additional trade associations—the Air Line Pilots Association, International; Airlines for America; and the International Air Transport Association—this Opposition refers to the Motion as made by Iridium for ease. When counsel for Proposed Amici sought Ligado's consent to file an amicus brief, counsel did not disclose their representation of the three trade associations, stating that they "represent Iridium Communications and potentially other stakeholders." Appx3, Correspondence From Wilmer Hale, Counsel for Iridium (Jan. 22, 2024). In addition, counsel for Proposed Amici, Wilmer Hale, has previously represented Iridium and advertised its longstanding representation online. *See In re Iridium Operating LLC,* Nos. 99-45005 (CB), 99-4759 (CB), 1999 WL 35018204 (Bankr. S.D.N.Y. Nov. 3, 1999); Andrew N. Goldman, WILMER HALE, https://www.wilmerhale.com/en/people/andrew-goldman (Noting representation of Iridium).

source of revenue, the Department of Defense. Its Brief seeks to relitigate in this Court the same factual and legal assertions it (and Defendants) have repeatedly lost in decades of administrative proceedings before the Federal Communications Commission ("FCC"). Moreover, Iridium's participation as amicus here will not be useful to this Court. To the extent that it disputes (as it does) both the FCC's findings and the facts alleged in the Complaint, Iridium's Brief is irrelevant at this stage of the litigation, when the Court must accept as true the allegations in Ligado's Complaint. And to the extent that Iridium advances legal arguments—whether raised, or worse, unraised by the Government's motion to dismiss—it is infringing on the Department of Justice's statutorily mandated exclusive authority and responsibility to litigate on behalf of the United States. Indeed, this Court has repeatedly denied leave for amicus to appear in support of the Government at this motion to dismiss stage of the litigation. It should do so here.

Iridium's undisclosed interest and alignment with Defendants in this matter also counsels against their participation as amicus. Iridium's Motion neglects to mention that its largest customer is the United States Government. It provides satellite communication services to the Department of Defense ("DOD") in the spectrum directly adjacent to Ligado's. Far from providing a "unique perspective," Iridium is merely another arm of the United States Government in this matter, parroting the Government's arguments with interests that are perfectly aligned. As it concedes in public securities filings, Iridium is also a business competitor of Ligado as well as a target of discovery. Iridium seeks, through its proposed participation as amicus, to protect its own competitive interests and avoid discovery. Its attempt to leverage participation as an amicus to advance its own undisclosed interests should be rejected.

## II. ARGUMENT

"[T]here is no right to file an amicus brief" in the Court of Federal Claims, and the Rules of the Court of Federal Claims "do not provide for the participation of amici curiae." *Fairholme Funds, Inc.* v. *United States*, 132 Fed. Cl. 49, 53–54 (2017). Nonetheless, "the court possesses the inherent authority to allow such participation, and has broad discretion to exercise that authority." *Id.* at 54 (citing *Am. Satellite Co.* v. *United States*, 22 Cl. Ct. 547, 549 (1991)).

In exercising its discretion to grant or deny leave to participate as *amicus curiae*, courts consider a number of factors, including "whether the parties oppose the motion, the strength of information and argument presented by the potential amicus curiae's interests, the partisanship of the moving entity, the adequacy of the current representation, the timeliness of the motion, and, perhaps most importantly, the usefulness of information and argument presented by the potential amicus curiae to the court." *Wolfchild v. United States*, 62 Fed. Cl. 521, 536 (2004), *rev'd on other grounds*, 559 F.3d 1228 (Fed. Cir. 2009). These factors make it clear that Iridium's Brief "will not facilitate resolution of the issue raised in this litigation and therefore will not be of any assistance to the court"—at least at this stage of the litigation. *Fairholme Funds, Inc.*, 132 Fed. Cl. at 54.

### A. A Private Party Such as Iridium May Not and Need Not Litigate on Behalf of the United States Government

As a threshold issue—and prior to weighing the discretionary factors that determine whether to grant Iridium's application—Iridium's Motion should be denied because the DOJ (and not a private party such as Iridium) is empowered with the *exclusive* authority to conduct litigation on behalf of the United States. This Court has explained,

"there can be no dispute that unless otherwise provided by law, the Attorney General is charged by statute with exclusive and plenary power to supervise and conduct all litigation to which the U.S. is a party." *Hughes Aircraft Co.* v. *United States*, 534 F.2d 889, 901 (Ct. Cl. 1976) (citing 28 U.S.C. §§ 516–520). The United States Code provides that "[e]xcept as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. It also provides that except where the "Attorney General in a particular case directs otherwise, the Attorney General shall conduct and argue . . . suits in the United States Court of Federal Claims[.]" *Id.* § 518; *see also Favell* v. *United States*, 27 Fed. Cl. 724, 750 (1992) ("Courts have consistently upheld the basic principle that the Attorney General is given power over, and general supervision of, all litigation to which the United States or an agency thereof is a party.").

Iridium's Motion attempts to circumvent the exclusive and plenary power of the DOJ to litigate on behalf of the United States by raising new arguments and novel assertions not raised in the Government's brief. For example, Iridium's proposed Brief purports to assert facts (which have been repeatedly rejected by the FCC) about potential harmful interference from the use of Ligado's spectrum that even the Government did not raise and legal arguments about Ligado's spectrum being "too contingent to constitute a cognizable property interest" because of opposition from Congress and the Executive Branch found nowhere in the Government's brief. Dkt. 12-1 (Brief) at 3. Iridium's Motion even concedes that they have "ensure[d] that their proposed amicus brief" does not raise "overlap[ping] and redundan[t]" facts and arguments from the Government's brief. Motion

at 4.  This Court has repeatedly denied leave to amici attempting to raise arguments in support of the Government.  *See Health Republic Ins. Co.* v. *United States*, 129 Fed. Cl. 115, 118 (2016) (holding that leave to appear as amicus may be denied because an amicus may not "separately assert a ground for dismissing plaintiff's complaint that was not raised by the DOJ, especially under the auspices of an amicus curiae brief."); *Hughes Aircraft*, 534 F.2d at 901; *Favell*, 27 Fed. Cl. at 750.  It should do the same here.

The DOJ is also fully capable of presenting its arguments.  "Trial courts have allowed amicus filings when the court was 'concerned that one of the parties is not interested in or capable of fully presenting one side of the argument.'" *Fluor Corp.* v. *United States*, 35 Fed. Cl. 284, 286 (1996) (quoting *Am. Satellite Co.*, 22 Cl. Ct. at 549).  Here, the lack of capability is not an issue. The attorneys that make up the Department of Justice are among the finest in the nation, and the motion to dismiss they have made demonstrates capable representation of the Government's interests. The DOJ has sought to dismiss the case, which is the exact result that Iridium seeks—and they have done so on grounds DOJ determined, in its discretion and under its authority as counsel, appropriate on behalf the Government. Iridium does not offer any unique perspective that DOJ is unable to provide.  Rather, as discussed in further detail below, Iridium's perspective is particularly inappropriate given that it is a business competitor of Ligado's that is attempting to leverage its amicus participation to obtain a commercial advantage.  In reality, Iridium's motion for leave and proposed amicus brief does nothing more than attempt to relitigate arguments that it—and Defendants in this case—previously made and lost before the FCC, which the Government is fully capable of doing on its own.

### B. Iridium's Amicus Brief Is Not Useful, Particularly at the Motion to Dismiss Stage

Neither is Iridum's proposed participation as amicus useful for a number of reasons. First, Iridium's participation as amicus would merely "strengthen[] the assertions of one party," which falls short of the bar for allowing amicus participation. *Fairholme Funds, Inc.*, 132 Fed. Cl. at 54. Second, Iridium's Brief is not useful because the Court may not consider the facts or arguments raised in the Brief at the motion to dismiss stage. Finally, Iridium's brief is not useful because it is just wrong. Each is considered in turn.

To begin, this Court "'frown[s] on participation which simply allows the amicus to litigate its own views' or present 'its version of the facts.'" *Fluor*, 35 Fed. Cl. at 286 (citing *Am. Satellite Co.*, 22 Cl. Ct. at 549). Here, Proposed Amici, including Iridium, make no "pretense at impartiality" but rather have stated bluntly that they have "long opposed Ligado's planned use of its satellite spectrum for terrestrial communications services." Motion at 2. And its proposed Brief makes clear that it is advancing its own facts to attack what it calls the "misleading narrative" advanced by "Ligado's complaint." Brief at 3.

This Court has contrasted a useful amicus with one that "simply strengthen[s] the assertions of one party." *Am. Satellite Co.*, 22 Cl. Ct. at 549. Here, the title of Iridium's Brief states plainly that they write "in support of Defendants' Motion to Dismiss." Brief at 1. And while Iridium claims that it can shed light on the "technical aspects" of Ligado's proposed terrestrial network, its Brief makes clear that it is simply regurgitating assertions made (and rejected) by the Defendants themselves to the FCC. In fact, a significant portion of Iridium's proposed Brief cites to statements made by at least one of the Defendants in this action, the National Telecommunications and Information

Administration ("NTIA"). *See* Brief at 6, 9, 10, 11, 15, 16, 17, 19 (all citing filings, statements, or reports from the NTIA). An amicus brief bolstering the claims of one party is not useful.

Second, an amicus brief in support of the government at the motion to dismiss stage is not useful because this Court may not consider the facts or arguments raised therein. In *Landreth* v. *United States*, 141 Fed. Cl. 741, 743 (2019), this Court denied a motion to participate as *amicus curiae* at the motion to dismiss stage, explaining that amici's views, while "unique," are "not useful to the court at this stage of the proceeding . . . in which [Defendant] challenges both this Court's jurisdiction and the legal sufficiency of plaintiff's allegations." Iridium's Motion maintains that its participation may be useful to the Court because the Proposed Amici "can assist the Court in understanding the technical aspects of Ligado's proposed terrestrial network and the bona fide threats it poses to other spectrum users." Motion at 2. But whether Proposed Amici can provide that perspective—which Defendants are perfectly able to present themselves—is irrelevant at this stage. At the motion to dismiss stage, the Court "is 'obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor.'" *Schultz* v. *United States*, 2009 WL 3416453, at *2 (Fed. Cl. Oct. 1, 2009) (quoting *Henke* v. *United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Iridium's competing factual assertions are thus of no moment now.

To be sure, Iridium states that this Court can take judicial notice of its cherry-picked and selective quotations of an administrative record that concededly spans 11,800 filings and 44,000 pages. *See* Motion at 2. But while a court may consider matters of public record at the motion to dismiss stage, it may not simply use a public filing to

establish a contested fact. *See Global Network Commc'ns, Inc.* v. *City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings.") (citation omitted); *Murakami* v. *United States*, 46 Fed. Cl. 731, 739–40 (2000). Here, Iridium's proposed Brief violates that bright-line rule by advancing facts cherry-picked from its own filings and others before the FCC to establish contested facts regarding allegations of harmful interference caused by using Ligado's spectrum. That the ultimate fact-finder and recipient of those comments—the FCC—rejected Iridium's claims of harmful interference makes taking judicial notice of those filings to establish the purported fact of harmful interference particularly improper at this stage. Thus, even if Iridium's views may be useful in this litigation, they are certainly not appropriate *now.*

Last, Iridium's views are also not useful because they are wrong. Iridium's proposed amicus brief rests on the false premise that implementation of Ligado's planned terrestrial operations "would be detrimental to satellite communications and GPS services." Brief at 4. As the proposed amicus brief concedes, the FCC rejected that conclusion. *See* Brief at 4 (stating that the concerns of Harmful Interference were "unduly disregarded by the FCC"). The FCC analyzed and weighed *all* of this evidence in its April 2020 Order, ultimately concluding that Ligado had "addresse[d] harmful interference concerns with respect to GPS" as well as concerns related to other satellite services. 35 FCC Rcd. 3772 ¶ 2 (2020). To give just one example, the FCC dedicated an entire subsection of its April 2020 Order to addressing a technical analysis submitted by Iridium

and found that the analysis did not "offer sufficient grounds to justify imposing the [emissions] requirements it suggests." *Id.* at 3830 ¶ 117.[2]

Ligado's complaint also canvassed extensive documentary evidence—which must be accepted as true at this stage—including from internal emails and a whistleblower complaint from DOD officials, confirming that concerns related to harmful interference were merely pretextual. Tellingly, neither Iridium's proposed Brief nor the Government's motion to dismiss addressed those documents, emails, and communications from high-level government officials and DOD insiders, which disprove Proposed Amici's arguments.

Iridium's proposed Brief also incorrectly asserts that its claims of harmful interference by Ligado's planned terrestrial services "remain the subject of multiple unresolved petitions for reconsideration . . . that raise serious questions about the lawfulness of Ligado's planned terrestrial use of the spectrum." Brief at 4. It is black-letter law that a petition for reconsideration does not "excuse any person from complying with or obeying" an FCC Order. 47 U.S.C. § 405(a). And, in its April 2020 Order, the FCC explicitly directed "that this Order and Authorization is effective upon release." 35 FCC Rcd. 3772 ¶ 164 (2020). Moreover, in denying a stay of the April 2020 Order, the FCC

---

[2] Iridium's Brief misleadingly points to a 2022 report from the National Academy of Sciences ("NAS Report") that they claim "confirmed . . . that Ligado's proposed terrestrial network would create significant harmful interference." Brief at 20–21. That is not correct. The NAS Report explicitly disclaims that it was making any finding as to "Harmful Interference," a defined term under FCC regulations; instead, NAS decided to use the "uncapitalized term 'harmful interference' in a more general sense to imply degraded receiver operations *without assessing whether such degradation is actually causing a degradation of function or whether the receiver is operating in accordance with FCC rules.*" National Academy of Sciences, *Analysis of Potential Interference Issues Related to FCC Order 20-48*, at 3–4 (2022) (emphasis added). In other words, the NAS Report did not purport to—and did not in any way—assess the regulatory job performed by the FCC, namely, whether Ligado's spectrum plan is consistent with the FCC's rules. That was the unanimous, bipartisan conclusion of the FCC in April 2020 and that remains true today. Proposed Amici's effort to confuse this Court with an inapposite study should not be allowed.

further characterized the various pending motions for reconsideration as "unlikely to succeed on the merits." *See* Order Denying Motion to Stay, 36 FCC Rcd. 1262 (2021). Thus, Iridium's Brief will not be useful to this Court at this stage.

**C. Iridium's Motion Appears Motivated by Undisclosed Financial Alignment with the United States and an Attempt to Avoid Discovery**

Iridium's Motion should also be rejected because it is not a friend of the Court, but a business competitor and friend of a party. *See, e.g.*, *Ryan* v. *Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The term 'amicus curiae' means friend of the court, not friend of a party."). Iridium's Motion fails to adequately disclose its close connection with Defendants, including the DOD, vaguely stating that it is a leader of the "defense, communications, and civil aviation industries." Motion at 2. In fact, Iridium's securities filings state that the "U.S government is our largest single customer . . . (particularly the DoD)." Appx11, Iridium Communications, Inc., Annual Report (Form 10-K) (Feb. 15, 2024). Iridium also tells its investors that its "ability to successfully implement our business plan will also depend on . . . our ability to maintain our relationship with U.S. government customers, particularly the DoD," among other factors. *Id.* at Appx32. In 2019, the Department of Defense awarded Iridium a 7-year, $738.5 million contract to provide satellite communications services.[3] At the time, Iridium's CEO explained that "Iridium's relationship with the U.S. government has been a model of what a public-private partnership should look like in the satellite industry." *Id.* He added, "[t]he U.S. government has made significant investment in Iridium over the years . . ." *Id.*

[3] *See* Iridium Communications Inc., *Iridium Awarded 7-Year, $738.5 million contract by the U.S. Department of Defense* (Sept. 16, 2019), https://investor.iridium.com/2019-09-16-Iridium-Awarded-7-Year-738-5-Million-Contract-by-the-U-S-Department-of-Defense.

Iridium is also a competitor of Ligado's and its Motion is yet another salvo in a decades-long effort to utilize a regulatory process—and now this Court—to obtain a business advantage. Iridium's public securities filings categorize Ligado as a "competitor," warning investors that "implementation of ATC services by satellite service providers . . . such as the proposed use by Ligado Networks . . . may result in increased competition for the right to use L-Band spectrum in the 1.6 GhZ band, which we use to provide our services, and such implementation may make it difficult for us to obtain or retain the spectrum resources we require for our existing and future services." Appx174, Iridium Communications, Inc., Annual Report (Form 10-K) (Feb. 14, 2020).

This Court has previously denied motions to file amicus briefs when those briefs are partisan rather than impartial. *See, e.g.*, *Fluor Corp.* v. *United States*, 35 Fed. Cl. at 286 (denying motion for leave to file amicus brief where "movants make no pretense at impartiality"); *Leigh* v. *Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982) (when the motion comes from "an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that an amicus must be a friend of the court and not a friend of a party to the cause."). The same situation exists in the present case. Iridium is "not a disinterested stranger offering to illuminate a legal issue." *Am. Satellite Co.* 22 Cl. Ct. at 549 (1991).

Iridium is also concededly a discovery target in this litigation with a vested interest in avoiding any production of its documents or testimony. Iridium's proposed Brief purports to "attest" to "facts" related to FCC proceedings that make clear that it has discoverable information related to the matters at issue in Ligado's Complaint. Brief at 4. If there were any doubt, once again, Iridium's securities filings lay bare its close connection

with the facts alleged in Ligado's Complaint. In particular, Ligado's Complaint alleges that DOD is "receiving signals adjacent to Ligado's allocated spectrum in a manner that requires that Ligado's allocated spectrum be a 'dead zone' for terrestrial services so as to avoid harmful interference with DOD's systems." Compl. ¶ 47. Meanwhile, Iridium's securities filings disclose that they provide satellite communication services to the United States Government in the spectrum directly adjacent to Ligado's. *See* Appx8-9, Iridium Communications, Inc., Annual Report (Form 10-K) (Feb. 15, 2024). Thus, Iridium is likely to be a discovery target in this litigation to the extent that undisclosed DOD systems within Iridium's adjacent band have rendered Ligado's allocated spectrum a "dead zone." Compl. ¶ 47.

This motion should be recognized for what it is: adversarial conduct from a business competitor and a means to avoid potential discovery obligations that may arise if this case survives the motion to dismiss. The proposed amicus brief does not offer any impartial or independent perspective but merely attempts to assert new facts to bolster the arguments made by Defendants in their motion to dismiss. This is an example of the situation that "courts have frowned on" in which amicus participation "simply allows the amicus to litigate its own views." *Am. Satellite Co.*, 22 Cl. Ct. at 549 (1991) (denying motion to file amicus brief where movant's claims were substantially similar to plaintiff's and movant was "intimately involved in the facts and circumstances leading to the pending lawsuit").

### D. Ligado Opposes the Motion

"Opposition by the parties is a factor militating against allowing participation." *Id.*; *see also Fluor*, 35 Fed. Cl. at 285 (holding that a party's "opposition should be given great weight by a court."). The United States Government filed a motion

to dismiss Ligado's Complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims. Iridium now moves to file an amicus brief to support arguments and provide improper and contested "factual" assertions that the Government chose not to make. On the basis of Ligado's opposition above, the Motion should be denied.

**E. Iridium's Motion Seeks to Circumvent This Court's Briefing Limitations**

While Iridium's Motion is unlikely to result in delays in the litigation—a factor courts consider in this context—Iridium's Motion seeks to bypass the limitations this Court has imposed on briefing. On January 19, 2024, Defendants filed a motion for leave to exceed the 40-page limitation for its motion to dismiss by an extra 25 pages in light of the "extensive procedural history before the FCC." Dkt. 9 at 1. That day, this Court denied the Motion, but granted Defendants' a five-page extension. Nevertheless, through its Motion, Iridium now seeks to submit a 24-page Brief canvassing the same "extensive procedural history before the FCC" the Government sought by its prior motion to review. To the extent this Court considers Iridium's brief, Ligado respectfully requests an additional 24 pages (on top of the five-page extension offered to Defendants) in order to rebut Iridium's Brief.

## III. CONCLUSION

For the foregoing reasons, this Court should deny Iridium's motion for leave to file an amicus brief.

Dated: February 23, 2024
New York, New York

By: */s/ Harris M. Fischman*

**MUNGER, TOLLES, & OLSON, LLP**

Donald B. Verrilli, Jr., *Of Counsel*
Ginger D. Anders, *Of Counsel*
601 Massachusetts Ave. NW
Suite 500
Washington D.C., 20001
Tel: (202) 220-1100
Email: Donald.Verrilli@mto.com
Email: Ginger.Anders@mto.com

**SELENDY GAY PLLC**

Philippe Z. Selendy, *Of Counsel*
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
Email: pselendy@selendygay.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Harris M. Fischman
Martin Flumenbaum, *Of Counsel*
Carter E. Greenbaum, *Of Counsel*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Email: hfischman@paulweiss.com
Email: mflumenbaum@paulweiss.com
Email: cgreenbaum@paulweiss.com

**COVINGTON & BURLING LLP**

Megan Crowley, *Of Counsel*
850 10th Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000
Email: mcrowley@cov.com

*Counsel for Ligado Networks LLC*