# In the United States Court of Federal Claims

No. 23-1797L
(Filed: July 29, 2024)

```
*************************************
                                    *
LIGADO NETWORKS LLC,                *
                                    *
            Plaintiff,              *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

## ORDER FOR SUPPLEMENTAL BRIEFING

After review of the parties' respective briefs, the Court has additional questions that shall be answered by the parties by way of supplemental briefing. The supplemental briefing shall address each question below and the supplemental briefs **shall not exceed 10 pages.** The questions are as follows:

1. The FCC granted Plaintiff a license with conditions attached. Have the conditions been met? Are the conditions conditions precedent or on-going?

2. If the conditions are conditions precedent, and certain conditions require coordination and cooperation with certain government entities, how can Plaintiff comply with the conditions if the government entities refuse to cooperate or coordinate?

3. How can the FCC remedy refusal by government agencies to cooperate and coordinate if they refuse to do so?

4. The cases cited by the parties that hold that an FCC license is not a property interest appear to apply only to FCC action in not granting, revoking or limiting a license. In this case, according to Plaintiff, government entities *other than the FCC* are occupying or interfering with the granted spectrum. Why is this not a taking? Is the FCC able to remedy the occupation of or interference with Plaintiff's spectrum by other government entities?

1

5. Defendant correctly states that, in order for a compensable taking to occur, the taking must be authorized by the government. It would appear that the government entities alleged to have occupied Plaintiff's licensed spectrum acted within their authority. Doesn't this satisfy the requirement of authorized government activity?

6. Regarding the 2021 National Defense Authorization Act: doesn't Congress have the right to modify agency action? If so, how can there be a legislative taking?

7. How can a license, which is not a property interest vis-à-vis the FCC, become one vis-à-vis other government entities? Is the Plaintiff's complaint best characterized as an interference with its license by other government entities, which is a tort and which can be remedied by the FCC?

The supplemental briefs shall be filed simultaneously **no later than Monday, September 9, 2024.**

    **IT IS SO ORDERED.**

s/Edward J. Damich<br>
EDWARD J. DAMICH<br>
Senior Judge