IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| LIGADO NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-1797 |
| | ) | Senior Judge Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.    The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterizations of its case, to which no answer is required.

2.    The allegations contained in the first sentence of paragraph 2 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 2.  The allegations contained in the third sentence of paragraph 2 concerning malfeasance by the Department of Commerce (Commerce) and the Department of Defense (DoD) constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  The allegation contained in the third sentence of paragraph 2 regarding the existence of a "Whistleblower" constitutes a legal conclusion to which no answer is required; to the extent it is deemed an allegation of fact, it is denied for lack of knowledge or information sufficient to form a belief as to its truth.  Admits the content of internal emails referenced in the third sentence of paragraph 2 to the extent supported by the emails referenced which are the best evidence of their contents; otherwise denies.  Denies the allegations contained in the third

sentence of paragraph 2 regarding the content of private communications between Ligado and current and former government employees and discussions with high-ranking officials for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the fourth sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the fifth sentence of paragraph 2 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  The allegations contained in the sixth sentence of paragraph 2 constitute legal conclusions and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.    Admits the allegations contained in the first sentence of paragraph 3.  The allegations contained in the second sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits the allegations to the extent supported by the applicable Federal Communications Commission (FCC) regulations that are the best evidence of their contents; otherwise denies.  The allegations contained in the third sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits the allegations to the extent supported by Ligado's applications to the FCC which are the best evidence of their contents; otherwise denies.  The allegations contained in the fourth sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits that the U.S. Government worked with Ligado for many years in conjunction with the FCC licensing process, denies the remaining allegations contained in the fourth sentence of paragraph 3.  Denies the allegations contained in the fifth sentence of

paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.
Denies the allegations contained in the sixth sentence of paragraph 3.

4.      The allegations contained in the first sentence of paragraph 4 constitute
conclusions of law to which no answer is required; to the extent they may be deemed allegations
of fact, admits the allegations contained in the first sentence of paragraph 4 to the extent
supported by the April 2020 Order which is the best evidence of its content; otherwise denies.
The allegations contained in the second sentence of paragraph 4 concerning Ligado's
"reasonable, good faith reliance" constitute legal conclusions to which no answer is required; to
the extent they may be deemed allegations of fact, they are denied.  Denies the allegations
contained in the second sentence of paragraph 4 concerning Ligado's capital raise and debt to
equity conversion for lack of knowledge or information sufficient to form a belief as to their
truth.  The allegation contained in the second sentence of paragraph 4 concerning the FCC's
determination constitutes a conclusion of law to which no answer is required; to the extent it may
be deemed an allegation of fact, admits to the extent supported by the April 2020 Order which is
the best evidence of its content; otherwise denies.

5.      The allegations contained in the first sentence of paragraph 5 constitute
conclusions of law to which no answer is required; to the extent they may be deemed allegations
of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 5
for lack of knowledge or information sufficient to form a belief as to their truth because it is
unclear what specific government officials or statements are being referenced.  Admits the
allegation contained in the third sentence of paragraph 5 to the extent supported by the
referenced August 2022 letter which is the best evidence of its content; otherwise denies.

6.      The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.      The allegation contained in the first sentence of paragraph 7 that the Government engaged in an uncompensated taking constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in the first sentence of paragraph 7.  The allegations contained in the second sentence of paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 7.  Admits the allegation contained in the fourth sentence of paragraph 7 that the Department of Defense hosted a website concerning the potential risks to GPS from Ligado's terrestrial services.  The allegation contained in the fourth sentence of paragraph 7 that the website made libelous claims constitutes a conclusion of law to which no answer is required; otherwise denies.  The allegation contained in the fifth sentence of paragraph 7 that DoD engaged in an unjust taking constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in the fifth sentence of paragraph 7.  The allegation contained in the sixth sentence of paragraph 7 that DoD's "purported GPS concerns were a pretext" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

8.      Denies the allegations contained in the first sentence of paragraph 8.  Admits the allegations contained in the second sentence of paragraph 8 to the extent supported by the internet posting referenced, which is the best evidence of its contents; otherwise denies.  The allegations contained in the third sentence of paragraph 8 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denies the allegation contained in the third sentence of paragraph 8 that DoD was using "Ligado's spectrum for [DoD's] own purposes," and denies the remaining allegations for lack of knowledge or information sufficient to support a belief as to their truth because it is unclear what specific emails are being referenced.

9.      The allegations contained in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10.     The allegations contained in paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11.      No answer is required to the allegations contained in paragraph 11 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

12.     The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13.     Admits the allegations contained in the first sentence of paragraph 13.  The allegations contained in the second sentence of paragraph 13 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by Ligado's FCC licenses which are the best evidence of their content; otherwise denies.

14.     The allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; otherwise admits that the United States is the defendant and only proper defendant in this case.

15.    Admits the allegations contained in the first sentence of paragraph 15.  Admits the allegation contained in the second sentence of paragraph 15 that retired General Lloyd Austin III was the U.S. Secretary of Defense as of the filing of the Complaint, avers that he is no longer the U.S. Secretary of Defense.

16.    Admits the allegations contained in the first sentence of paragraph 16.  Admits the allegation contained in the second sentence of paragraph 16 that Gina M. Raimondo was the U.S. Secretary of Commerce as of the filing of the Complaint, avers that she is no longer the U.S. Secretary of Commerce.

17.    Admits the allegations contained in the first sentence of paragraph 17.  Admits the allegation contained in the second sentence of paragraph 17 that Alan Davidson was the NTIA Administrator as of the filing of the Complaint, avers that he is no longer the NTIA Administrator.

18.    The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19.    Admits the allegations contained in the first sentence of paragraph 19.  With respect to the second sentence of paragraph 19, admits the allegations that different types of electromagnetic waves may be defined according to their frequencies and may be categorized along an electromagnetic spectrum.

20.    Admits.

21.    Admits the allegation contained in the first sentence of paragraph 21 that a given range of spectrum may be known as a "band."  Denies the remaining allegations in the first sentence of paragraph 21.  Denies the allegations contained in the second sentence of paragraph 21 for lack of knowledge or information sufficient to support a belief as to their truth because it

is unclear what is meant by the phrase "too many transmitters."  Admits the allegations contained in the third sentence of paragraph 21 to the extent supported by the statement cited, which is the best evidence of its contents; otherwise denies.

22.    The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required.

23.    The allegations contained in paragraph 23 constitute conclusions of law to which no answer is required.

24.    The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required.

25.    The allegation contained in the first sentence of paragraph 25 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, admits to the extent supported by Ligado's FCC licenses which are the best evidence of their content, otherwise denies.  The allegations contained in the second sentence of paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the regulation referenced which is the best evidence of its content, otherwise denies.   The allegations contained in the third sentence of paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits the allegations to the extent supported by FCC licenses referenced which are the best evidence of their content, otherwise denies.

26.    Admits the allegations contained in the first sentence of paragraph 26.  The allegation contained in the second sentence of paragraph 26 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, admits to the

extent supported by Ligado's FCC licenses referenced which are the best evidence of their content, otherwise denies.

27.     Denies the allegations contained in the first sentence of paragraph 27 for lack of knowledge or information sufficient to support a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 27 to the extent supported by the document cited which is the best evidence of its contents; otherwise denies.  Denies the allegations contained in the third sentence of paragraph 27 for lack of knowledge or information sufficient to support a belief as to their truth.

28.     Admits the allegation contained in the first sentence of paragraph 28 that the Government has at times sought to increase commercial access to spectrum that could be used for mobile broadband; denies the remaining allegations of the first sentence of paragraph 28. Admits the allegations contained in the second, third, fourth and fifth sentences of paragraph 28 to the extent supported by the statement and documents cited which are the best evidence of their contents; otherwise denies.

29.     Denies the allegations contained in the first and second sentences of paragraph 29 for lack of knowledge or information sufficient to support a belief as to their truth.  Admits the allegation contained in the third sentence of paragraph 29.  Admits the allegation contained in the fourth sentence of paragraph 29 to the extent supported by the document cited therein which is the best evidence of its contents, otherwise denies.

30.     The allegations contained in paragraph 30 constitute legal conclusions and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, admits the allegations contained in paragraph 30 to the extent supported by the press release cited, which is the best evidence of its contents.  Further admits

that one way to facilitate the deployment of 5G networks is to permit fuller use of the L-Band which was historically only licensed for MSS uses.

31.     The allegations contained in the first sentence of paragraph 31 constitute conclusions of law to which no answer is required, to the extent they may be deemed allegations of fact, admit to the extent supported by the regulation referenced, otherwise denies.  The allegation contained in the second sentence of paragraph 31 constitutes a conclusion of law to which no answer is required.

32.     Admits the allegation contained in the first sentence of paragraph 32 that in 2003 Ligado applied to the FCC to modify its existing MSS license to provide terrestrial ATC services.  Denies the remaining allegations contained in the first sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 32 to the extent supported by Ligado's applications and the FCC's decisions cited therein which are the best evidence of their contents, otherwise denies.  Admits the allegations contained in the third and fourth sentences that the FCC made certain statements concerning Ligado's applications to the extent supported by the statements referenced which are the best evidence of their contents; otherwise denies.

33.     Denies the allegations contained in the first sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegation contained in the second sentence of paragraph 33 concerning the existence of a whistleblower constitutes a conclusion of law to which no answer is required; otherwise denies the remaining allegations contained in the second sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the third sentence of

paragraph 33 concerning a statement by Secretary of Defense Lloyd Austin III to the extent supported by that statement, which is the best evidence of its contents; otherwise denies.

34.     The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required, to the extent they may be deemed allegations of fact, they are denied.

35.     Denies the allegations contained in the first sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second, third and fourth sentences of paragraph 35 to the extent supported by the application cited therein which is the best evidence of its content; otherwise denies.

36.     Denies the allegations contained in the first sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear what is meant by "[s]ignificant portions of Ligado's September 2012 Application."  Admits the allegations contained in the second and third sentences of paragraph 36 to the extent supported by the documents cited which are the best evidence of their content; otherwise denies.

37.     Admits the allegations contained in paragraph 37 to the extent supported by the applications cited which are the best evidence of their content; otherwise denies.

38.     Denies the allegations contained in the first sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second, third and fourth sentences of paragraph 38 to the extent supported by the documents cited which are the best evidence of their content; otherwise denies.

39.     Denies the allegations contained in the first and second sentences of paragraph 39. Denies the allegations contained in the third sentence of paragraph 39 for lack of knowledge or information sufficient to support a belief as to their truth because it is unclear what presentation is being referred to.

40.     Denies the allegations contained in the first sentence of paragraph 40.  Denies the allegations contained in the second sentence of paragraph 40 for lack of knowledge or information sufficient to support a belief as to their truth because it is unclear what specific internal U.S. Air Force email is being referenced.

41.     The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required, to the extent they may be deemed allegations of fact, they are denied.

42.     The allegation contained in the first sentence of paragraph 42 concerning DoD's "use of Ligado's authorized spectrum" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear what specific statements of senior government officials are being referred to.

43.      The allegation contained in the first sentence of paragraph 43 concerning DoD's "use of Ligado's authorized spectrum" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations regarding the Senate testimony of General John Raymond and Under Secretary Defense Griffin to the extent supported by the transcripts of their testimony, which is the best evidence of their contents; otherwise denies.

44.     The allegation contained in the first sentence of paragraph 44 concerning DoD's "use of Ligado's  spectrum" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the first, second and third sentences of paragraph 44 to the extent supported by the August 2022 letter cited which is the best evidence of its content; otherwise denies.  Denies the

allegation contained in the fourth sentence of paragraph 44 as to what government officials had purportedly told Ligado privately for lack of knowledge or information sufficient to form a belief as to its truth. The remaining allegation contained in the fourth sentence of paragraph 44 concerning DoD's "use of Ligado's spectrum" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

45.    Admits the allegations contained in the first sentence of paragraph 45 to the extent supported by the report cited which is the best evidence of its content; otherwise denies. Denies the remaining allegations contained in paragraph 45.

46.    Admits the allegations contained in paragraph 46 to the extent supported by the report and congressional testimony cited which are the best evidence of their content; otherwise denies.

47.    The allegations contained in paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48.    The allegations contained in paragraph 48 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49.    Denies the allegation contained in the first sentence of paragraph 49 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in the second sentence of paragraph 49.

50.    Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51.    Admits the allegations contained in the first sentence of paragraph 51 that Frederick Moorfield, Jr. was indicted and that DoD CIO Dana Deasy had previously described Mr. Moorfield as the "heart and soul" and "man that is actually responsible for managing

spectrum across the DOD." Denies the remaining allegations contained in the first sentence of paragraph 51. Denies the allegations contained in the second sentence of paragraph 51 for lack of knowledge or information sufficient to support a belief as to their truth.

52. Admits the allegations contained in paragraph 52 to the extent supported by the documents referenced therein which are the best evidence of their content; otherwise denies.

53. The allegations contained in the first and second sentences of paragraph 53 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the legal authorities cited therein, otherwise denies. Admits the allegations contained in the third sentence of paragraph 53 to the extent supported by the letter cited which is the best evidence of its content, otherwise denies. Denies the allegations contained in the fourth sentence of paragraph 53. The allegation contained in the fifth sentence of paragraph 53 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. The allegations contained in the sixth and seventh sentences of paragraph 53 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Denies the allegations contained in the first and second sentences of paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third and fourth sentences of paragraph 54.

55. Admits the allegations contained in paragraph 55 to the extent supported by the letters cited which are the best evidence of their contents; otherwise denies.

56. Denies the allegations contained in the first and second sentences of paragraph 56 that NTIA "reversed course" and "reversed its prior support." Denies the allegation contained in the third sentence of paragraph 56 that then-Administrator David Redl was fired by then-

Secretary of Commerce Wilbur Ross.  Admits the remaining allegations contained in paragraph 56 to the extent supported by the documents and congressional testimony cited therein which are the best evidence of their contents; otherwise denies.

57.    Denies the allegations contained in the first sentence of paragraph 57.  Denies the allegations contained in the second sentence of paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth because it is unclear what specific internal DoD emails are being referenced.

58.    The allegation contained in the first sentence of paragraph 58 concerning the existence of a whistleblower constitutes a conclusion of law to which no answer is required. Denies the remaining allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59.    Admits the allegations contained in the first sentence of paragraph 59 to the extent supported by the documents cited therein which are the best evidence of their contents; otherwise denies.  The allegation contained in the second sentence of paragraph 59 concerning the existence of a whistleblower constitutes a conclusion of law to which no answer is required. Denies the remaining allegations contained in the second sentence of paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60.    Denies the allegations contained in the first and second sentences of paragraph 60. Denies the allegations contained in the third sentence of paragraph 60 for lack of knowledge or information sufficient to support a belief as to their truth because it is unclear what specific statements or documents these allegations are referring to.

61.    Denies the allegation contained in the first sentence of paragraph 61 that DoD engaged in an "anti-Ligado campaign."  Admits the allegations contained in the first and second

14

sentences of paragraph 61 that DoD told certain Executive Branch agencies that Ligado's terrestrial services would cause harmful interference with GPS.  Denies the allegations contained in the third and fourth sentences of paragraph 61.

62.    The allegation contained in the first sentence of paragraph 62 concerning DoD's use of Ligado's spectrum constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact it is denied.  Denies the remaining allegations of paragraph 62.

63.    The allegations contained in paragraph 63 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

64.    The allegations contained in paragraph 64 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

65.    The allegations contained in paragraph 65 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

66.    The allegations contained in paragraph 66 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

67.    The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

68.     The allegations contained in paragraph 68 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

69.     The allegations contained in paragraph 69 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

70.     The allegations contained in paragraph 70 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

71.     The allegations contained in paragraph 71 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

72.     The allegation contained in the first sentence of paragraph 72 that the requests by DoD and Commerce "had no support in science or law" constitutes a legal conclusion to which no answer is required; to the extent it can be construed as a factual allegation, it is denied.  The remaining allegations contained in paragraph 72 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

73.     The allegation contained in the first sentence of paragraph 73 concerning the FCC granting Ligado "highly valuable property rights relating to its modified ATC authority to deploy terrestrial 5G services within its exclusively licensed spectrum" is a legal conclusion to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the

remaining allegations contained in paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth.

74.     The allegations contained in the first sentence of paragraph 74 that DoD and Commerce have not acted in good faith to implement the April 2020 Order and have "obstructed Ligado's good-faith efforts to implement the provisions of the April 2020 FCC Order" are legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 74.

75.     Denies the allegation contained in the first sentence of paragraph 75.  The allegations contained in the second sentence of paragraph 75 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76.     The allegations contained in paragraph 76 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the petition for reconsideration and April 2020 Order which are the best evidence of their contents; otherwise denies.

77.     The allegations contained in the first sentence of paragraph 77 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in paragraph 77.

78.     Admits the allegations contained in the first, second and third sentences of paragraph 78 to the extent supported by the letters cited therein which are the best evidence of their contents; otherwise denies.  Denies the allegations contained in the fourth sentence of

paragraph 78 that "[n]o agency substantively responded to Ligado's outreach" for lack of knowledge or information sufficient to form a belief as to its truth.

79.    Admits the allegation contained in the first sentence of paragraph 79 to the extent supported by the letters cited which are the best evidence of their contents; otherwise denies. The allegations contained in the second sentence of paragraph 79 constitute legal conclusions to which no answer is required.  The allegations contained in the third sentence of paragraph 79 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80.    Admits the allegations contained in the first sentence of paragraph 80.  The allegations contained in the second sentence of paragraph 80 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the FCC's stay denial decision cited which is the best evidence of its contents; otherwise denies.  The allegations contained in the third sentence of paragraph 80 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the fourth sentence of paragraph 80 that the FCC's April 2020 Order has not yet been reconsidered by the FCC because the petitions for reconsideration remain pending before the FCC.

81.    Admits the allegations contained in paragraph 81 to the extent supported by the documents cited which are the best evidence of their contents; otherwise denies.

82.    Admits the allegations contained in the first sentence of paragraph 82 to the extent supported by the response cited which is the best evidence of its contents, otherwise denies. Denies the allegations contained in the second and third sentences of paragraph 82.  Admits the

allegations contained in the fourth sentence of paragraph 82 to the extent supported by the documents cited which are the best evidence of their contents, otherwise denies.

83.    The allegations contained in the first sentence of paragraph 83 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second and third sentences of paragraph 83 concerning a statement by FCC Commissioner Carr to the extent supported by the statement cited which is the best evidence of its contents; otherwise denies.

84.    Denies the allegations contained in paragraph 84 for lack of knowledge or information sufficient to form a belief as to their truth.

85.    The allegations contained in paragraph 85 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

86.    The allegations contained in paragraph 86 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

87.    Admits the allegation contained in the first sentence of paragraph 87 that DoD was involved in working with Congress on legislation related to Ligado.  The remaining allegations contained in the first sentence of paragraph 87 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  The allegations contained in the second sentence of paragraph 87 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

88.    With respect to the first, second and third sentences of paragraph 88, admits that on May 6, 2020 the Senate Armed Services Committee held a hearing at which witnesses Dana Deasy, Michael Griffin, General John Raymond, and Coast Guard Admiral Thad Allen testified,

and Fredrick Moorefield was present.  Denies the remaining allegations contained in the third sentence of paragraph 88, and the allegations contained in the fourth and sixth sentences for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations in the fifth sentence of paragraph 88 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the transcript of the hearing, which is the best evidence of its contents; otherwise denies, and further denies the remaining allegations contained in the fifth sentence of paragraph 88.

89.     The allegations contained in the first sentence of paragraph 89 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second and third sentences of paragraph 89 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the fourth sentence of paragraph 89 to the extent supported by the hearing transcript cited which is the best evidence of its contents; otherwise denies.  Admits the allegations contained in the fifth sentence of paragraph 89 to the extent supported by the letter cited which is the best evidence of its contents; otherwise denies.  The allegation contained in the sixth sentence of paragraph 89 that whistleblower disclosures were made constitutes a legal conclusion to which no answer is required.  Denies the allegations contained in the sixth sentence of paragraph 89 concerning the content of the "disclosures" referenced for lack of knowledge or information sufficient to support a belief as to their truth.  Admits the allegation contained in the sixth sentence of paragraph 89 that DoD was provided with a draft order from the FCC on October 31, 2019.

90.     The allegations contained in the first sentence of paragraph 90 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph 90 to the extent supported by the congressional testimony cited which is the best evidence of its contents; otherwise denies.  Admits the allegations contained in the third sentence of paragraph 90 to the extent supported by the study cited therein which is the best evidence of its contents, otherwise denies.  Admits the allegations contained in the fourth sentence of paragraph 90 to the extent supported by the April 2020 FCC Order cited which is the best evidence of its contents; otherwise denies.

91.     The allegations contained in the first sentence of paragraph 91 are legal conclusions and plaintiff's characterization of its case to which no response is required; to extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second, third and fourth sentences of paragraph 91 to the extent supported by the congressional testimony cited which is the best evidence of its contents; otherwise denies.

92.     Denies the allegation contained in the first sentence of paragraph 92 that the Senate Committee did not hold another hearing to gather testimony from the FCC, Ligado or the GPS industry for lack of knowledge or information sufficient to support a belief as to its truth.  Denies the allegation contained in the second sentence of paragraph 92 that FCC Chairman Ajit Pai was not invited to testify before the Armed Services Committee for lack of knowledge or information sufficient to form a belief as to its truth.  Admits the allegations contained in the second sentence of paragraph 92 to the extent supported by the statement cited which is the best evidence of its contents; otherwise denies.

93.     Admits the allegation contained in the first sentence of paragraph 93 that DoD launched a website to address the potential harmful effects of Ligado's use of its license for terrestrial purposes; denies the remaining allegations contained in the first sentence of paragraph 93.  Admits the allegations contained in the second sentence of paragraph 93 to the extent supported by the website cited which is the best evidence of its contents; otherwise denies. Admits the allegations contained in the third sentence of paragraph 93 that the website posted warnings and made certain claims about the potential harm that Ligado's use of its license would cause to both military and civilian users of GPS; denies the remaining allegations contained in the third sentence of paragraph for lack of knowledge or information to support a belief as to their truth because it is unclear what specific website claims the allegations are referring to. Admits the allegations contained in the fourth sentence of paragraph 93 to the extent supported by the website screenshots cited which are the best evidence of their contents; otherwise denies. Denies the allegation contained in the fifth sentence of paragraph 93 that the website made baseless claims for lack knowledge or information to support a belief as to their truth because it is unclear what specific website claims the allegations are referring to.  The allegation contained in the fifth sentence of paragraph 93 concerning the FCC's conclusion constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

94.     Admits the allegation contained in the first sentence of paragraph 94 concerning the website statement quoted to the extent supported by that website statement which is the best evidence of its contents; otherwise denies.  Denies the remaining allegations contained in the first sentence of paragraph 94.  The allegation contained in the second sentence of paragraph 94

concerning the FCC's conclusion constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, admits to the extent supported by the April 2020 Order which is the best evidence of its contents; otherwise denies.

95.     The allegation contained in the first sentence of paragraph 95 concerning "the uncompensated taking of its multi-billion dollar asset" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the first sentence of paragraph 95 that The Wall Street Journal published an Op-Ed by then Secretary of Defense Mark Esper.  Admits the allegation contained in the first sentence of paragraph 95 concerning the quotation from that Op-Ed to the extent supported by that document, which is the best evidence of its contents; otherwise denies.  Denies the remaining allegations contained in the first sentence of paragraph 95.  Admits the allegation that the Op-Ed contained the statements quoted in the second sentence of paragraph 95 to the extent supported by that document which is the best evidence of its contents; otherwise denies. Denies the remaining allegations contained in the second sentence of paragraph 95.  Admits the allegation contained in the third sentence of paragraph 95 that the Washington Post in 2003 published an Op-Ed by former Secretary of Defense Donald Rumsfeld to the extent supported by that document which is the best evidence of its contents; otherwise denies.  Denies the allegation contained in the third sentence of paragraph 95 that an Acting Secretary of Defense had not published an op-ed since 2003 for lack of knowledge or information sufficient to form a belief as to its truth.

96.     Admits the allegations contained in the first, second and third sentences of paragraph 96 that Congress drafted legislation to the extent supported by the legislative history of the 2021 NDAA which is the best evidence of its contents; otherwise denies.  The allegation

contained in the first sentence of paragraph 96 concerning the motivation of members of Congress to draft legislation constitutes a legal conclusion to which no answer is required.

97.    Denies the allegations contained in the first sentence of paragraph 97 for lack of knowledge or information sufficient to support a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 97 to the extent supported by the letter cited therein which is the best evidence of its contents; otherwise denies.

98.    Admits the allegations contained in paragraph 98 to the extent supported by the letter cited therein which is the best evidence of its contents; otherwise denies.

99.    Admits the allegations contained in paragraph 99 to the extent supported by the legislative history cited therein which is the best evidence of its contents; otherwise denies.

100.    No answer is required to the allegations contained in paragraph 100 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

101.    No answer is required to the allegations contained in paragraph 101 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

102.    No answer is required to the allegations contained in paragraph 102 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

103.    No answer is required to the allegations contained in paragraph 103 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

104.    No answer is required to the allegations contained in paragraph 104 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

105.    No answer is required to the allegations contained in paragraph 105 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

106.    No answer is required to the allegations contained in paragraph 106 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

107.    No answer is required to the allegations contained in paragraph 107 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

108.    The allegations contained in paragraph 108 constitute legal conclusions to which no answer is required.

109.    The allegation contained in paragraph 109 that DoD has "no legitimate basis to question the FCC's conclusion that GPS receivers would not experience harmful interference caused by Ligado's authorized use of its licensed spectrum" constitutes a legal conclusion to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in paragraph 109 that DoD has not yet made the certification identified in Section 1662 of the 2021 NDAA.

110.    The allegations contained in the first and second sentences of paragraph 110 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statute cited, which is the best

evidence of its contents; otherwise denies.  Denies the allegation contained in the third sentence of paragraph 110 that the National Academies did not hold its first meeting of the study team until September 20, 2021 for lack of knowledge or information sufficient to form a belief as to its truth.  Admits the allegation contained in the fourth sentence of paragraph 110 that the National Academies report was not published until September 9, 2022 to the extent supported by that document which is the best evidence of its contents; otherwise denies.

111.    The allegations contained in the first sentence of paragraph 111 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statutory provisions cited, which are the best evidence of their contents; otherwise denies.  Admits the allegation contained in the second sentence of paragraph 111 that DoD has not yet issued the certification.  Denies the allegations contained in the third sentence of paragraph 111.  Admits the allegation contained in the fourth sentence of paragraph 111 that DoD and Commerce have not provided an example of a specific GPS receiver that would be harmed by Ligado's terrestrial services but avers that the Government has repeatedly identified that GPS receivers are likely to be harmfully impacted based on the studies and testing.  The allegations contained in the fourth sentence of paragraph 111 concerning the requirements of  Section 1661 of the 2021 NDAA constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies.  The allegation contained in the fifth sentence of paragraph 111 is denied.

112.    The allegations contained in paragraph 112 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

113.    The allegations contained in the first, second and third sentences of paragraph 113 constitute legal conclusions to which no answer is required. The allegations contained in the fourth and fifth sentences of paragraph 113 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

114.    The allegations contained in the first sentence of paragraph 114 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegation contained in the second sentence of paragraph 114.

115.    The allegations contained in the first sentence of paragraph 115 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, denies for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the second and third sentences of paragraph 115 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

116.    Denies the allegations contained in paragraph 116 for lack of knowledge or information sufficient to form a belief as to their truth.

117.    Denies the allegations contained in the first sentence of paragraph 117 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the second sentence of paragraph 117 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

118.    The allegations contained in the first sentence of paragraph 118 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  No answer is required to the allegations contained in the second sentence of paragraph 118 concerning the 2021 NDAA because plaintiff's legislative takings

27

claim was dismissed pursuant to the Court's November 18, 2024, opinion and order. Denies the allegations contained in the second sentence of paragraph 118 concerning the money Ligado has spent over the last 20 years for lack of knowledge or information sufficient to form a belief as to their truth.

119.     The allegations contained in the first sentence of paragraph 119 constitute conclusions of law to which no answer is required. Deny the allegations contained in the second and third sentences of paragraph 119 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third and fourth sentences of paragraph 119 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

120.     The allegations contained in paragraph 120 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

121.     The allegation contained in the first sentence of paragraph 121 concerning the "United States' unconstitutional taking of Ligado's property" constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegations of fact, it is denied. Denies the remaining allegations contained in the first sentence of paragraph 121 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 121 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

122.     The allegations contained in paragraph 122 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

123.     The allegations contained in paragraph 123 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

124.    The allegations contained in the first sentence of paragraph 124 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations of paragraph 124.

125.    The allegations contained in paragraph 125 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

126.    The allegations contained in paragraph 126 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

127.    The allegations contained in paragraph 127 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

128.    The allegations contained in paragraph 128 constitute conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

129.    The allegations contained in paragraph 129 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

130.    The allegations contained in the first sentence of paragraph 130 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.  No answer is required to the allegation contained in paragraph 130 concerning legislative action because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.  The remaining allegations contained in the second, third, fourth, fifth and sixth sentences of paragraph 130 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

131.    The allegation contained in the first sentence of paragraph 131 concerning the need for DoD to pay just compensation for the use of spectrum constitutes a legal conclusion to

which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the remaining allegations contained in the first sentence of paragraph 131. Denies the allegations contained in the second sentence of paragraph 131. The allegations contained in the third and fourth sentences of paragraph 131 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

132. The allegations contained in the first, fourth and fifth sentences of paragraph 132 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 132.

133. The allegations contained in paragraph 133 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

134. Defendant incorporates its responses to paragraph 1 to 126 as if set out fully herein.

135. The allegations contained in paragraph 135 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admit to the extent supported by the April 2020 Order which is the best evidence of its content, otherwise denies.

136. The allegations contained in paragraph 136 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

137. The allegations contained in the first sentence of paragraph 137 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admit to the extent supported by the April 2020 Order and the FCC license referenced which are the best evidence of their content, otherwise denies. The allegations contained in the

second sentence of paragraph 137 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

138.    The allegations contained in paragraph 138 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

139.    The allegations contained in paragraph 139 constitute conclusions of law to which no answer is required.

140.    The allegations contained in paragraph 140 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

141.    The allegations contained in paragraph 141 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

142.    The allegations contained in paragraph 142 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

143.    Defendant incorporates its responses to paragraphs 1-135 as if set out fully herein.

144.    The allegations contained in paragraph 144 constitute conclusions of law to which no answer is required.

145.    The allegations contained in paragraph 145 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

146.    The allegations contained in paragraph 146 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

147.    The allegations contained in paragraph 147 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

148.    Defendant incorporates its responses to paragraphs 1-140 as if set out fully herein.

149.    The allegations contained in paragraph 149 constitute conclusions of law to which no answer is required.

150.    The allegations contained in the first sentence of paragraph 150 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 150 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of  paragraph 150 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

151.    The allegations contained in paragraph 151 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

152.    The allegations contained in the first sentence of paragraph 152 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.  The remaining allegations contained in paragraph 152 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

153.    The allegations contained in paragraph 153 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

154.    Defendant incorporates its responses to paragraphs 1-146 as if set out fully herein.

155.    No answer is required to the allegations in paragraph 155 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

156.    No answer is required to the allegations in paragraph 156 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

157.    No answer is required to the allegations in paragraph 157 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

158.    No answer is required to the allegations in paragraph 158 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

159.    No answer is required to the allegations in paragraph 159 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

160.    No answer is required to the allegations in paragraph 160 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

161.    No answer is required to the allegations in paragraph 161 because plaintiff's legislative takings claim was dismissed pursuant to the Court's November 18, 2024, opinion and order.

162.    Denies that plaintiff is entitled to the remaining relief set forth in the prayer for relief or to any relief whatsoever.

163.    Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Director

s/Nathanael B. Yale
NATHANAEL B. YALE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0464

BORISLAV KUSHNIR
Senior Trial Counsel

PATRICK ANGULO
KYLE BECKRICH
Trial Attorneys

February 3, 2024                              *Attorneys for Defendant*