**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LIGADO NETWORKS LLC,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 23-1797L<br><br>Senior Judge Damich |

**JOINT STATUS REPORT**

Pursuant to this Court's April 30, 2026 order (ECF No. 50), Plaintiff Ligado Networks LLC ("Ligado"), and Defendant the United States (all together, "the Parties"), respectfully submit this joint status report regarding further proceedings following remand upon resolution of Defendant's interlocutory appeal. (ECF Nos. 47, 49)

Having met and conferred, the Parties did not agree on a joint proposal for how the litigation should proceed. Plaintiff and Defendant therefore set forth their respective positions below.

**PLAINTIFF'S POSITION**

Now that the interlocutory appeal has concluded and the case has been remanded to this Court, the stay "pending appeal" (ECF No. 43) is no longer in effect and the case should proceed to discovery. With respect to the property right question that has been remanded to this Court for "further development," the Court of Appeals raised several fact-intensive questions that are not susceptible to determination in a Rule 12(b)(6) motion and require discovery, as outlined below. (ECF No. 47 at 9-10.) As such,

discovery should commence and the property right issue can be addressed after discovery in summary judgment motion practice.

The scope of discovery required to address the factual questions raised by the Court of Appeals will entail fact and expert discovery—much of which overlaps with other issues in the case, including Ligado's claims that Defendant has engaged in physical, regulatory, and categorical takings. Since these questions cannot be adequately resolved on the pleadings, it would be most efficient to commence all discovery now and then address all summary judgment challenges at once at the close of discovery. This approach would be far more efficient than proceeding with piecemeal discovery and seriatim motion practice.

***The Court of Appeals Opinion Raises Several Fact Questions That Require Discovery***

Several of the questions the Court of Appeals has raised for remand are mixed questions of fact and law. The Court of Appeals specifically raised a number of fact-intensive "case-specific matters" that it believed required a "fuller and more concrete analysis" on remand. (*Id.* at 16.) As one example, the Court of Appeals highlighted that factual questions about the telecommunications industry have bearing on the property rights inquiry and need further development. That includes determining, for spectrum licenses, "[w]hether there are express guarantees of presumptive exclusivity, or implicit guarantees or protected expectations of the same (subject to authorized alterations) based on technical or economic considerations." (ECF No. 47 at 29.) Ligado is entitled to develop evidence of those "implicit guarantees [and] protected expectations."

The Court of Appeals also called for "further exploration" of both "non-Federal and Federal uses" of the "specific spectrum at issue," (*id.* at 31), which the Parties require discovery to enumerate.

Similarly, the Court of Appeals highlighted certain "technical-feasibility considerations" that would shed light on whether Ligado holds an exclusive property interest. (*Id*. at 28.) Those considerations include whether, as a factual matter, Ligado can use its license "if the license is anything other than exclusive." (*Id*. at 28–29.) At oral argument before the Court of Appeals, counsel for Defendant admitted in response to questioning on the "nature of the license" and risks associated with "interference," that this factual information is not "in the record." (Oral Arg. at 10:22.[1]) These questions cannot be properly answered without fact and expert discovery.

The Court of Appeals also raised questions about the significance of transfer, revocation, and modification authorities under the Communications Act, (*id.* at 20-21), which requires development of industry and governmental norms and policies around those authorities. The Court of Appeals also questioned whether "DoD, with support from NTIA, has been encroaching on an exclusive Commission allocation power," (*id.* at 21), which requires development of DOD, NTIA, and FCC actions and interagency coordination policies.

The Court of Appeals also raised questions concerning whether Ligado has "now met all cooperation-related conditions" of the FCC's 2020 Order, which similarly requires technical factual development. (*Id.* at 32.)

---

[1] Available at <https://www.cafc.uscourts.gov/02-04-2026-2025-1792-ligado-networks-llc-v-us-audio-uploaded/>.

***The Factual Questions Raised by the Court of Appeals Are Properly Addressed in Summary Judgment Motion Practice After the Close of Discovery***

Each of these factual questions reaches matters outside of the pleadings and cannot be properly adjudicated through a motion to dismiss. The Court's rules mandate conversion of any renewed motion to dismiss to a motion for summary judgment: "If, on a motion under RCFC 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under RCFC 56." RCFC 12(d); *see also Duffy* v. *United States*, 120 Fed. Cl. 55, 61 (Fed. Cl. 2015) (in considering a motion to dismiss, "[w]hen the court takes cognizance of matter[s] not encompassed by the pleadings, RCFC 12(d) requires the motion to dismiss to be treated as one for summary judgment"). When a motion to dismiss is converted to a motion for summary judgment, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." RCFC 12(d).

Conversion of Defendant's renewed motion to dismiss to a summary judgment motion at this stage would entail either denying or deferring consideration of Defendant's motion or at least affording Ligado an opportunity to take discovery before ruling. *See* RCFC 56(d) (If a nonmovant "cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [or] (2) allow time to obtain affidavits or declarations or take discovery.").

Defendant has asserted that a motion to dismiss is required in light of the Court of Appeals' statement that it was remanding "for proceedings, presumably a new round of Rule 12(b)(6) proceedings, consistent with this opinion." (ECF No. 47 at 34.) But the Court of Appeals did not mandate that this Court entertain further 12(b)(6) motion

practice. Proceedings on remand are at the discretion of the trial court, as the Court of Appeals' use of the word "presumably" confirms.

With the benefit of its closer familiarity with the case and briefing from the litigants on remand, this Court can properly determine that further Rule 12(b)(6) motion practice would not be appropriate given the factual issues that have been introduced by the Court of Appeals' opinion. Further pleading-stage motion practice is especially unwarranted here when the case has already been pending for almost three years now. (ECF No. 1 (Complaint filed October 12, 2023)). For all of these reasons, the Court should conclude that the mixed questions of fact and law raised by the Court of Appeals should be resolved with the benefit of factual development through discovery.

***Proposed Next Steps***

Ligado is prepared to hold the Early Meeting of Counsel shortly after this Court issues an order in response to this Joint Status Report. At the Early Meeting of Counsel, the Parties will agree to a discovery plan, including discussing which issues the Parties can reasonably stipulate to and which will require discovery. Ligado proposes that the Parties file their Joint Preliminary Status Report within three weeks of this Court's order.

Should the Court decide instead to entertain further 12(b)(6) proceedings, Ligado will seek leave to amend its complaint under Rule 15(a)(2) to address the questions raised by the Court of Appeals as best as it can without discovery.

## DEFENDANTS' POSITION

According to the mandate rule, the Federal Circuit's decision vacating-in-part this Court's November 18, 2024 decision, and the Court's Rules, the next step in this case must be renewed RCFC 12(b)(6) briefing that focuses on the threshold question of

whether Ligado has pleaded a cognizable property interest. *Ligado Networks LLC v. United States*, No. 25-1792, 2026 WL 653982, at *4-14 (Mar. 9, 2026). The Government proposes to file its renewed RCFC 12(b)(6) motion addressing that question within 30 days of the Court's order adopting a briefing schedule for this matter.

The mandate rule, which governs cases on remand, dictates that "'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" *Banks v. United States,* 741 F.3d 1268, 1276 (Fed. Cir. 2014) (quoting *Briggs v. Pa. R. Co.,* 334 U.S. 304, 306 (1948)). According to this rule, the trial court's conduct on remand "should not be inconsistent with either the letter or the spirit of the mandate." *Laitram Corp. v. NEC Corp*., 115 F.3d 947, 950-51 (Fed. Cir. 1997); *see Yankee Atomic Elec. Co. v. United States*, 679 F.3d 1354, 1360 (Fed. Cir. 2012) (explaining that the "trial court should consider 'both the letter and spirit of the mandate'") (citation omitted). Mandates should be interpreted by looking at the language of the judgment in combination with the accompanying opinion. *Exxon Chem. Patents, Inc. v. Lubrizol Corp*., 137 F.3d 1475, 1483 (Fed. Cir. 1998) (citations omitted); *see also* Fed. R. App. P. 41(a) (stating that the mandate includes both the judgment and the opinion of the appellate court).

Here, both the letter and the spirit of the mandate direct this Court to entertain a renewed motion to dismiss under RCFC 12(b)(6) to determine whether Ligado has pleaded a cognizable property interest. In its opinion, the Federal Circuit "vacate[d]" this Court's November 18, 2024 decision "insofar as it holds that Ligado has pleaded the existence of a property right" and "remand[ed] the matter" to this Court "for proceedings, presumably a new round of Rule 12(b)(6) proceedings, consistent with this opinion."

*Ligado*, 2026 WL 653982 at *14. As a road map of the legal issues it expects this Court to decide on a renewed motion to dismiss, the Federal Circuit explained that Ligado's property right "must have its source in Federal law," *id.*, at *5, and proceeded to catalog numerous purely legal considerations necessary for a thorough analysis of the property interest question. *Id.* at 7-13. A non-exhaustive list of these considerations include: (1) Communications Act provisions that, among other things, govern the issuance, nature, transferability, modification, and revocation of FCC licenses (citing 47 U.S.C. §§ 301, 303, 304, 305, 307, 312, 316); (2) whether any of these provisions give Ligado exclusive use or a right to exclude; (3) presidential authority to assign spectrum for use by the Federal Government, now implemented by NTIA under 47 U.S.C. §§ 901, 902; (4) Communications Act remedy provisions and whether they give Ligado any private right of action including against the Federal Government; (5) whether the FCC's April 2020 Order gives Ligado any legal right to exclusivity vis-à-vis the Federal Government; and (6) the legal import of the United States Table of Frequency Allocations in the Code of Federal Regulations. *Ligado*, 2026 WL 653982 at *5-14. Indeed, the Federal Circuit pointed to no fewer than 20 statutory and regulatory provisions that it considers potentially germane to the threshold property interest inquiry. *See id.* at *4-14. The proper interpretation of these provisions is a quintessential legal issue that the Federal Circuit has directed this Court to analyze on remand, "presumably" as part of "a new round of Rule 12(b)(6) proceedings." *Id.* at *14.

The Court's Rules further support this conclusion. RCFC 12(b)(6) exists to "test the formal sufficiency of the statement of the claim for relief," without "resolving a contest between the parties about the facts or the substantive merits of the plaintiff's

case." Arthur R. Miller et al., 5B Federal Practice & Procedure § 1356 (4th ed.). When properly utilized, this Rule "enable[s] defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308-09 (11th Cir. 2020) ("'Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.'"). Here, in vacating this Court's November 18, 2024 decision, the Federal Circuit has expressly rejected the notion that Ligado has successfully "pleaded the existence of a property right." *Ligado*, 2026 WL 653982 at *14. In light of this holding, the Government should be permitted to test the legal sufficiency of Ligado's allegations as previewed in the Federal Circuit's decision without onerous, yet potentially needless, discovery. The proper course is therefore to set a briefing schedule for a renewed RCFC 12(b)(6) motion.

Ignoring the mandate, Ligado contends that there should be no RCFC 12(b)(6) briefing at this time because the property interest inquiry involves factual issues that should be resolved on summary judgment after full discovery. Ligado's position fails on several fronts. To start, it violates the mandate. Once again, after cataloging the numerous legal issues involved in the property interest inquiry, the Federal Circuit explained that renewed RCFC 12(b)(6) briefing is the appropriate next step for addressing these threshold legal issues. *Ligado*, 2026 WL 653982 at *14. Reinforcing the wisdom of the Federal Circuit's decision, it is well-settled under Federal Circuit precedent that the existence of a cognizable property interest, particularly when allegedly based on federal statutory law, is a legal question often resolved on an RCFC 12(b)(6)

motion. *See, e.g.*, *Fishermen's Finest, Inc. v. United States*, 59 F.4th 1269, 1274-76 (Fed. Cir. 2023); *Conti v. United States*, 291 F.3d 1334, 1337, 1340-42 (Fed. Cir. 2002).

Any suggestion from Ligado that factual issues preclude RCFC 12(b)(6) briefing is at best premature and at worst incorrect. Ligado is asking the Court to reach that conclusion without the benefit of seeing our motion, which will be based on the purely legal considerations identified in the Federal Circuit's decision. And to the extent our motion might touch on any issue of fact, such facts would necessarily be drawn from Ligado's complaint, and the Court will have to "accept as true all factual allegations pleaded" therein. *Frankel v. United States*, 842 F.3d 1246, 1249 (Fed. Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Our forthcoming RCFC 12(b)(6) motion thus cannot, and therefore will not, ask the Court to resolve any disputed issues of fact.

Indeed, any factual issues Ligado may identify in its position statement are unnecessary to the legal questions to be presented in our motion. For example, Ligado may contend that an FCC license holder's investment-backed expectations in their license are a factual issue that must be developed before determining whether a property interest exists. But that is incorrect as a matter of law. Investment-backed expectations go to the step-two question of whether a taking occurred, rather than the step-one question of whether a plaintiff possesses a protected property interest in the first place. *See, e.g.*, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001-1006 (1984) (distinguishing the question of whether plaintiff has a cognizable property interest from the second part of the takings inquiry concerning whether plaintiff's property has been taken, which involves an inquiry into investment-backed expectations); *McGuire v. United States*, 707 F.3d 1351, 1365 (Fed. Cir. 2013) (explaining that expectations of future use do not create

a property interest); *Peterson v. U.S. Dep't of Interior*, 899 F.2d 799, 813 (9th Cir. 1990) (finding unsupported the "curious proposition that investment-backed expectations can give rise to a constitutionally protected property interest"). Although the Federal Circuit noted the question of expectations in its list of potential considerations for the Court, *see Ligado*, 2026 WL 653982 at *7, it did so without the benefit of full briefing on the relevance of a plaintiff's expectations to the property interest analysis. And, critically, the Federal Circuit specifically acknowledged that the expectations inquiry may not be legally germane to the property interest analysis at all. *See id*.

Finally, it would be exceedingly inefficient for the parties to conduct discovery before the Court has even determined whether Ligado's complaint states a Fifth Amendment claim upon which relief may be granted. Ligado filed a lengthy, complicated complaint concerning a highly technical and complex subject matter, seeking nearly $40 billion from the Government based on claims that involve numerous Federal agencies and officials, not to mention potentially classified information. Discovery into these complicated matters would require the parties to delve into lengthy, wide-ranging, expensive, and almost assuredly contentious discovery, likely including extensive expert discovery, before the Court has even determined whether, following the Federal Circuit's mandate, Ligado has pleaded a cognizable property interest in its FCC license. Front-loading discovery in this manner would frustrate the goal, articulated in RCFC 1, of administering cases to "secure the just, speedy, and inexpensive determination of every action and proceeding."

The Federal Circuit's mandate, this Court's Rules, and binding Fifth Amendment precedent are clear: The next step in this litigation must be renewed RCFC 12(b)(6)

briefing, during which the parties can address the legal issues outlined in the Federal Circuit's decision so that the Court can answer the threshold legal question of whether Ligado has pleaded a cognizable property interest. Nevertheless, given the significance of the mandate's impact on this litigation and the parties' seemingly intractable dispute over next steps, we would welcome the opportunity to discuss this matter further with the Court during a status conference.

Dated: August 14, 2026

**MUNGER, TOLLES, & OLSON, LLP**

Donald B. Verrilli, Jr., *Of Counsel*
Ginger D. Anders, *Of Counsel*
601 Massachusetts Ave. NW
Suite 500
Washington D.C., 20001
Tel: (202) 220-1100
Email: Donald.Verrilli@mto.com
Email: Ginger.Anders@mto.com

**SELENDY GAY PLLC**

Philippe Z. Selendy, *Of Counsel*
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
Email: pselendy@selendygay.com

By: */s/ Harris M. Fischman*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Harris M. Fischman
Martin Flumenbaum, *Of Counsel*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Email: hfischman@paulweiss.com
Email: mflumenbaum@paulweiss.com

**COVINGTON & BURLING LLP**

Kevin King, *Of Counsel*
850 10th Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000
Email: kking@cov.com

*Counsel for Ligado Networks LLC*

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ERIC P. BRUSKIN
Assistant Director

NATHANAEL B. YALE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0464

BORISLAV KUSHNIR
Senior Trial Counsel

*Attorneys for Defendant*